POMEROY *v.* GRAY, commissioner, *et al.*

No. 8321. MAY 14, 1931.

*Eldon L. Bowen* and *L. E. Brewer,* for plaintiff.

*S. F. Memory,* for defendants.

GILBERT, J. On September 25, 1919, an election in Pierce County, upon the question whether the County should issue $250,000 of bonds for the construction and improvement of roads, resulted in favor of the issuance of the bonds. These bonds were regularly validated. Of these bonds, $90,000 were issued and sold on January 1, 1920, and $50,000 in the year 1923. On February 18, 1931, Pomeroy, a resident and taxpayer of the county, filed against Gray, Peacock, Roberson, and the Bank of Blackshear, who are, respectively, the commissioner of roads and revenues, tax collector, sheriff, and county depository, a petition which, in addi-

tion to the foregoing, alleged that Gray was proposing to issue and sell an additional $20,000 of the bonds, and had promulgated an order levying an annual tax on all taxable property in the county to pay the principal and interest; that it was the purpose to issue and sell others of said road bonds from time to time in the future, and to levy taxes to pay the principal and interest thereof; that since the bonds were authorized the financial situation in the county has greatly changed, a depression now exists, and it is unnecessary to issue the bonds; that there has been a failure to exercise reasonable diligence in the issuance of the bonds, twelve years having elapsed since the election; that it was the intention of the voters to spread out the burden of retiring the bonds during the period of years that they matured, and by reason of the delay in issuing the bonds this period of time has been materially lessened, and their issuance at this time will impose a greater burden on the taxpayers than if they had been promptly issued; that it would now be inequitable to allow the issuance of the bonds and the levy of the tax for their retirement; and that the long delay in issuance has resulted in abrogation of the authority therefor. The prayer was for injunction to restrain the issuance and sale of the bonds and the levy and collection of the tax.

The defendants answered, denying that there existed any depression in the financial situation in the county, or that the authority for the issuance of the bonds had been abrogated by delay; and asserting that the proceeds of the bonds were much needed for making repairs and improvements in the roads. They also demurred generally. On hearing on the petition and answer the court refused to grant an interlocutory injunction. The petitioner excepted. In the brief of his counsel it is stated that the only question now for determination is "whether or not the delay in issuing said road bonds for more than eleven years after the election at which their issuance was authorized has resulted in abrogating the authority to issue said bonds."

Under the pleadings the court did not err in refusing an interlocutory injunction. *Judgment affirmed. All the Justices concur.*